LAW OFFICES OF SCOTT A. STEINBERG
*Proposed Attorney for the Debtor*
626 RXR Plaza, West Tower
Uniondale, New York 11556
(516) 522-2566
Scott A. Steinberg, Esq.
ssteinberg@saslawfirm.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

        **ROBERT LITWIN,**

                          Debtor.

Chapter 11
Case No. 14-12933 (REG)

-----------------------------------------------------------------X

### DEBTOR'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. 362(c)(3)(C)(4)(B) REIMPOSING THE AUTOMATIC STAY AS TO ALL CREDITORS AND STAYING THE FORECLOSURE SALE SCHEDULED BY AHM ADVISORS, LLC PENDING THE OUTCOME OF SUCH HEARING

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      Robert Litwin, (the "Debtor"), the debtor and debtor-in-possession herein, by and through his counsel, the Law Offices Of Scott A. Steinberg, submits this application (the "Application") in support of his Motion For Order Pursuant To 11 U.S.C. 362(c)(3)(C)(4)(B) Reimposing The Automatic Stay As To All Creditors And Staying The Foreclosure Sale Scheduled By AHM Advisors, LLC Pending The Outcome Of Such Hearing. In support thereof the Debtor respectfully sets forth and alleges as follows:

      1.    On October 21, 2014 the Debtor filed a voluntary petition for relief under Chapter 11 of title 11, United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code").

2. The Debtor has continued in the possession of his properties and management of his assets as a debtor-in-possession.

## JURISDICTION

3. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference Re: Title 11, dated January 31, 2012 (Preska, C.J.).

4. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The relief requested herein constitutes a core proceeding under 28 U.S.C. § 157(b).

## BACKGROUND

6. The Debtor is a 44 year old Polish immigrant who came to this country in 1988. He is a house painter by trade who invested his modest earnings to purchase two properties (discussed in detail below) in Harlem, which are the subject of a pending foreclosure action in New York County (the "Foreclosure Action"). A foreclosure sale (the "Foreclosure Sale") is scheduled for Wednesday, October 22, 2014 at 2:00 p.m.

7. The Debtor previously filed two Chapter 13 petitions, *pro se,* each of which was dismissed due to the Debtor's inability to file the necessary schedules and financial information required by the Bankruptcy Code and requested by the Chapter 13 Trustee. The first Chapter 13 case, Index No. 14-10248, was filed on February 2, 2014 and dismissed by the Honorable Allan L. Gropper on April 17, 2014. The second Chapter 13 petition, Index No. 14-12012 was filed on July 8, 2014 and dismissed by Judge Gropper, again for failure to file the requested documentation, on September 8, 2014.

8. As stated above the prior cases were commenced by the Debtor without the benefit and assistance of counsel due to the Debtor's dire financial circumstances which prevented him from retaining counsel.

### THE DEBTOR'S SUBSTANTIAL ASSETS

9. The Debtor owns two properties in Harlem; one located at 342 West 123rd Street, New York City (the "123rd Street Property") and the second located at 127 West 112th Street, New York City (the "112th Street Property").

### The 123rd Street Property

10. The 123rd Street Property was acquired by the Debtor in 1993, as an empty lot, for a purchase price of $6,100. The purchase price was paid by the Debtor from his earnings as a house painter. The property is currently improved by a six story building, which was constructed by the Debtor and his two helpers. Additional construction is required to make the 123rd Street Property habitable and the property does not yet have a certificate of occupancy.

11. The land underlying the building is prime real estate suitable for development. The 123rd Street Property was recently valued at $1.2 million.

### The 112th Street Property

12. The 112th Street Property was acquired by the Debtor in 1996 for $23,000. The purchase price was paid from the Debtor's earnings. This property is a vacant lot suitable for development. By all accounts it is prime real estate. A recent appraisal of the 112th Street Property values the property at $2.1 million, conservatively.

### THE SECURED DEBT

13. In June 2007, the Debtor arranged for a construction loan from Flushing Bank in the amount of $775,000. The loan is secured by first mortgages on both properties. Of the

3

$775,000 advanced by Flushing Bank, approximately $250,000 was held by the bank as a reserve. With respect to the balance of the loan proceeds, i.e. approximately $525,000, approximately $300,000 was spent by the Debtor on construction on the 123rd Street Property. The remaining funds, i.e. approximately $200,000, were spent by the Debtor in litigation with the New York City Dept. of Buildings. The litigation lasted 4 years, and although the Debtor prevailed, he was left with no funds to complete construction.

14. Neither the 123rd Street Property nor the 112th Street Property are currently income producing.

15. Upon information and belief, in March 2012, AHM Advisors, LLC ("AHM") acquired the Flushing Bank note and mortgages. At the time AHM acquired the Flushing Bank paper, the construction loan was in default but litigation had not been commenced.

## THE FORECLOSURE ACTION

16. On July 16, 2012, AHM commenced the Foreclosure Action against the Debtor. Due to the Debtor's financial inability to retain counsel to defend the Foreclosure Action, the Debtor appeared *pro se*. A judgment of foreclosure was entered on December 12, 2013. The Foreclosure Sale is currently scheduled for October 22, 2014 at 2:00 p.m.

## THE LETTER OF INTENT

17. On October 20, 2014 the Debtor entered into a Letter of Intent with 129 West 112th Street LLC (the "LLC") for the development of the 112th Street Property. Pursuant to the Letter of Intent, a joint venture will be formed pursuant to which the property will be developed for residential condominiums. The LLC will fund $1.4 million to the Debtor, which will be used to pay of the AHM debt in full pursuant to a plan of reorganization. Outstanding real estate taxes

will be paid pursuant to the provisions of the Bankruptcy Code. Miscellaneous other liabilities will also be paid. A copy of the Letter of Intent is annexed hereto as Exhibit "A".

18. As a showing of the LLC's good faith in connection with the transaction, the LLC wired the sum of $50,000 (the "Deposit") to Debtor's counsel, which Deposit is being held in counsel's escrow account. The Debtor will contribute his interest in the 112th Street Property to the joint venture.

19. The proposed development of the 112th Street Property entails constructing 18 – 20 residential condominium units with some community facilities. Sketch drawings of the floor plans for the condominium units are annexed hereto as Exhibit "B". Construction is to begin in the spring of 2015 and is anticipated to take approximately two years to complete.

## THE RELIEF REQUESTED

20. By its present Application, the Debtor seeks entry of an order reimposing the automatic stay as to all creditors, including AHM, and staying the Foreclosure Sale pending the outcome of the hearing.

21. As the Court is aware, Section 362(c)(3)(C)(4)(A)(1), provides in substance that if a debtor has filed two or more cases within the previous year and such cases were dismissed, then the automatic stay provided by Section 362(a) does not go into effect upon the filing of a new case.

22. However, Section 362(c)(3)(C)(4)(B) provides in substance that within 30 days of the commencement of the new case the debtor may request the Court to order the stay to take effect as to any or all creditors, on such conditions as the Court may impose, if the filing of the new case is in good faith as to the creditors to be stayed.

23. The standard for reimposition of the automatic stay is essentially the same as that necessary for the imposition of an injunction, In re Gertilin, 2013 WL 2317589 (Bankr. N.D. Ga.).[1] The elements that must be established are (i) likelihood of success on the merits; irreparable injury unless the injunction is granted; (iii) injury to the Debtor outweighs injury to the other party; and (iv) the injunction is not adverse to the public interest. Id.

## THE INSTANT FILING IS IN GOOD FAITH

24. Although this section of the Bankruptcy Code contains a presumption of bad faith, that presumption is rebuttable by clear and convincing evidence to the contrary.

25. The Debtor respectfully submits that for the reasons set forth below the instant filing is in good faith as to all of its creditors and as such, the Court should order the automatic stay effective.

26. First and foremost, as set forth above and in the attached Letter of Intent, the Debtor has a clear path to the funding of a plan of reorganization which would pay all creditors **in full**. The proposed plan of reorganization is not subject to the Debtor's earning ability or his ability to secure financing. The plan will be funded by the LLC, the affiliates of which have an available credit line well in excess of the $1.4 million proposed to fund a plan.

27. The filing of this Chapter 11 case is in good faith to all of the Debtor's creditors, as required by the Bankruptcy Code as a condition to ordering the stay effective, because the Debtor has a definitive means by which it can satisfy all of its creditors' claims. At the time of the prior *pro se* filings under Chapter 13, there was no proposal for the funding of the joint venture, no letter of intent and no means by which creditors' claims could be paid.

---

[1] Although the stay was not reimposed in In Re Gertilin, the standards described are consistent with requests for a temporary restraining order or preliminary injunction.

28. The Debtor respectfully submits that this fact alone constitutes good faith as to all of the Debtor's creditors and readily and easily distinguishes this filing from the prior *pro se* filings.

29. Now, with the assistance of counsel, the Chapter 11 case will be promptly and effectively prosecuted, complete schedules will be filed, a plan will be drafted and filed and the reorganization proceeding concluded in a prompt and beneficial manner and on terms benefitting all parties in interest (i.e. payment in full).

30. The Debtor has substantial equity in the 123rd Street Property and the 112th Street Property. The Debtor's acquisition of these properties is epitome of sweat equity. To cause the Debtor to forfeit his interest in these properties, when alternative means are available to pay the secured debt in full along with the other creditors' claims, is unwarranted and a severe penalty at best.

31. The proposed development of the 112th Street Property would provide a substantial benefit to the neighborhood in which the property is located and is in the best interests of all parties.

32. Finally, there is little prejudice to AHM, the Debtor's principal creditor, because of the substantial amount of combined equity in the 112th Street Property and the 123rd Street Property. Suffice it to say, with the amount of equity in these properties, any delay in payment to AHM occurring by reason of staying the Foreclosure Sale and ordering the automatic stay effective, is substantially outweighed by the detriment to the Debtor and its other creditors that would be occasioned by allowing the Foreclosure Sale to proceed.

33. For all of the foregoing reasons, the Debtor respectfully submits that the instant Chapter 11 filing is in good faith as to AHM and the Debtor's other creditors, the Debtor has

shown herein and is prepared to demonstrate at an evidentiary hearing, that it has rebutted the presumption of bad faith by clear and convincing evidence and that ordering the automatic stay effective is in the best interests of all creditors and parties in interest and will allow the reorganization to proceed with a plan that will provide for the payment of all allowed claims in full.

34. Most importantly, the Debtor has shown that it is in the best interests of all parties to stay the Foreclosure Sale pending the hearing on this Motion. As set forth above, there is little prejudice to AHM that will be occasioned by issuance of a stay.

## **THE DEBTOR HAS MET THE STANDARD NECESSARY TO OBTAIN A STAY**

35. The Debtor respectfully submits that it has met the standard necessary for the imposition of a stay of the Foreclosure Sale. With the execution of the Letter of Intent and the payment of the Deposit to Debtor's counsel, there is a substantial likelihood that the Debtor will confirm a plan of reorganization that pays all creditors in full. This distinguishes this case from the Chapter 13 filings and is evidence of the Debtor's good faith in filing the Chapter 11. Moreover, unlike the prior cases, the Debtor has retained counsel to diligently prosecute the Chapter 11 case.

36. That the Debtor will suffer irreparable injury unless the Foreclosure Sale is stayed is self-evident. The Debtor's substantial equity will be lost and no other creditors will be paid. It is hard to imagine a more glaring case of irreparable injury.

37. If the Foreclosure Sale is not stayed, the injury to the Debtor far outweighs whatever prejudice will be suffered by AHM. As set forth above, there is substantial equity in the properties which will cover the additional interest that will accrue until AHM is paid under a

plan. Thus, other than not getting the properties when they want them, there is no damage to be suffered by AHM.

38.     Finally, staying the Foreclosure Sale is not adverse to the public interest. Congress favors reorganizations and has provided for the automatic stay as way of insuring that the Debtor will have an opportunity to reorganize for the benefit of all creditors. As all creditors will be paid in full by reason of the funding of the plan pursuant to the Letter of Intent, staying the Foreclosure Sale (which benefits only AHM) is consistent with the public interest and legislative policy codified in Section 362.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) declaring the automatic stay effective pursuant to Bankruptcy Code section 362(c)(3)(C)(4)(B), (ii) staying the Foreclosure Sale scheduled for October 22, 2014 pending the outcome of a hearing on this Motion and (iii) granting the Debtor such other and further relief as the Court determines just, proper and equitable.

Dated: Uniondale, New York
       October 21, 2014

> LAW OFFICES OF SCOTT A. STEINBERG
> *Proposed Attorney for the Debtor*
> 626 RXR Plaza, West Tower
> Uniondale, New York 11556
> (516) 522-2566
> ssteinberg@saslawfirm.net
>
> By: /s/ *Scott A. Steinberg*
>      Scott A. Steinberg

**EXHIBIT "A"**
**(LETTER OF INTENT)**

129 WEST 112ᵀᴴ STREET LLC
145 EAST 49ᵀᴴ STREET
SUITE 33D
NEW YORK, NEW YORK 10017

October 20, 2014

Scott Steinberg, Esq.
626 RXR Plaza, West Tower
Uniondale, New York 11556

        RE:  127-129 West 112th Street
                 <u>Block 1822  Lot 13 and Block 1949  Lot 153</u>

Dear Mr. Steinberg:

    I am writing to you with respect to Robert Litwin ("Litwin"), who has represented to us that he is the owner of a vacant lot and unoccupied building located at 127-129 West 112th Street in the borough of Manhattan.

    I am sending you this letter to indicate the intention of 129 West 112th Street LLC ("LLC") to enter into a Joint Venture Agreement with Litwin or an entity formed by him to develop this property. Subject to our entering into a Joint Venture Agreement (the "JV Agreement") satisfactory to us, we will fund the sum of $1,400,000 to Litwin upon execution of the JV Agreement in exchange for the transfer of his interests in the above-real property to the newly formed entity owned by Litwin and the LLC. The transfer of the property to the new entity shall be free and clear of all liens, claims, encumbrances and interests. The monies funded for the transfer of this property to the new entity may be used by Litwin to pay creditors in his Chapter 11 bankruptcy case, which we understand you will shortly be filing.

    As a show of our good faith in connection with this transaction, we are forwarding to you the sum of $50,000 as a deposit toward the $1.4 million price mentioned above. These funds will be held by you in a non-interest bearing escrow account, and may be released by you only with my written consent. These funds will be held by you until the earlier of (i) execution of the JV Agreement, (ii) dismissal or conversion of the Chapter 11 case, (iii) appointment of a Chapter 11 Trustee, (iv) dismissal of Litwin's Chapter 11 case, or (v) within five (5) business days of our determination, in our sole discretion, that we terminated our negotiations towards execution of the JV Agreement.

698443

If you have any questions regarding the foregoing, please feel free to contact me. We look forward to negotiating the JV Agreement as soon as possible.

129 West 112th Street LLC

By:_____
Harshad Shah, Managing Member

**EXHIBIT "B"**
**(DRAWINGS)**



one set of steps but 2 elevators
only few interior parking spaces







16
15
12- 1,849 SF RES
12- 1,849 SF RES

5- 1,849 SF RES
4- 2021 SF COM FAC + 326 RES
3- 2021 SF COM FAC + 326 RES
2- 2021 SF COM FAC + 326 RES
1- 1233 SF COM FAC + 461 RES