UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

ROBERT LITWIN,

                                        Debtor.
--------------------------------------------------------X

Chapter 11

Case No. 14-12933 (REG)

## ORDER TO SHOW CAUSE LIMITING NOTICE AND SHORTENING TIME PERIOD FOR NOTICE AND SCHEDULING A HEARING ON THE MOTION OF THE DEBTOR TO OBTAIN POST PETITION FINANCING

**UPON** the annexed Declaration of Lawrence Morrison, Esq. dated June 10, 2015

in support of the motion of Robert Litwin (the "Debtor"), the debtor and debtor in possession, for

entry of an order to show cause limiting notice, shortening the time period for notice and

scheduling a hearing pursuant to Bankruptcy Rules 4001(c)(2), 9006(c)(1) and 9007 and

S.D.N.Y. Local Bankruptcy Rule 9077-1 on the motion of the Debtors for authorization pursuant

to section 364 of the Bankruptcy Code and Rule 4001(c) of the Federal Rules of Bankruptcy

Procedure, authorizing the Debtor to obtain post-petition financing from Brick Capital Partners,

LLC (the "Motion"); and for cause shown, and upon due deliberation:

**LET,** the Debtor show cause before the Honorable Robert E. Gerber, United

States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York,

located at One Bowling Green, New York, New York on the ___th day of June, 2015 at 9:45

a.m., or as soon thereafter as counsel can be heard, why an Order of this Court should not be

entered pursuant to section 364 of the Bankruptcy Code and Rule 4001(c) of the Federal Rules of

Bankruptcy Procedure authorizing interim approval for the Debtor to obtain financing from

Brick Capital Partners LLC ("Brick Capital") on a superpriority basis with a first position and

lien on the Subject Properties; and it is further

**ORDERED,** pursuant to Bankruptcy Rule 9007, this Order and the Motion shall be served upon (i) the Office of the United States Trustee, (ii) the Debtors twenty largest unsecured creditors, (iii) counsel for AHM Advisors LLC, and (iv) all creditors, parties-in-interest and entities which have requested notice under Bankruptcy Rule 2002; and it is further

**ORDERED,** that any papers responsive to this Order to Show Cause be served and filed so as to be received by Debtors' counsel and the Court no later than _____ p.m. on June __, 2015.

Dated: New York, New York
       June _____, 2014

_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

MORRISON TENENBAUM PLLC
*Attorneys for the Debtors*
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938
Lawrence Morrison, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                              Chapter 11

ROBERT LITWIN,                                                        Case No. 14-12933 (REG)

                                          Debtor.
-----------------------------------------------------------X

### S.D.N.Y. LBR 9077-1 DECLARATION

LAWRENCE MORRISON, an attorney duly admitted to practice law before the United States Bankruptcy Court, Southern District of New York, hereby declares, pursuant to 27 U.S.C. §1746, the following to be true under the penalties of perjury:

1.      I am a member of the firm of Morrison Tennebaum PLLC, attorneys for Robert Litwin (the "Debtor"), the debtor and debtor in possession. As such, I have personal knowledge of the facts set forth below.

2.      I submit this declaration pursuant to S.D.N.Y. Local Bankruptcy Rule 9077-1(A) in support of the Debtor's motion (the "Motion") for entry of an order to show cause limiting notice, shortening the time period for notice and scheduling a hearing pursuant to Bankruptcy Rules 4001(c)(2), 9006(c)(1) and 9007 and S.D.N.Y. Local Bankruptcy Rule 9077-1 on the motion (the "Financing Motion") of the Debtor for authorization pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to

obtain post-petition financing from Brick Capital Partners LLC ("Brick Capital").

### INTRODUCTION

3.    Simultaneously herewith, the Debtor has filed the Financing Motion which

seeks interim approval for the Debtor to obtain financing from Brick Capital with a first position

and lien on the real property known as 127/129 West 112 Street, New York, NY and 343 West

123 Street, New York, NY (together, the "Subject Property").

4.    By this Application, the Debtor requests that the Court enter an order to

show cause scheduling an immediate hearing on the Financing Motion.

### JURISDICTION AND VENUE

5.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. section

157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. section 157(b).  Venue is proper

before this Court pursuant to 28 U.S.C. sections 1408 and 1409.  This Application is made

pursuant to 11 U.S.C. § 364 and Bankruptcy Rules 4001(c)(2), 9006(c)(1) and 9007 and

S.D.N.Y. Local Bankruptcy Rule 9077-1.

### RELIEF REQUESTED

6.    The Debtor requests that the Court schedule an interim hearing and

shorten the notice period required to consider the Financing Motion so as to allow the hearing to

be held as soon as possible.  The Debtor had been seeking replacement financing throughout this

chapter 11 case and finally was able to obtain a loan commitment on June 3, 2015.  Because the

auction sale of the West 112th Street Property is scheduled for June 25, 2015, the Debtor requests

that an immediate hearing be scheduled on the Financing Motion.

7.    The Financing Motion seeks authorization for the Debtor to obtain credit from Brick Capital. Bankruptcy Rule 4001(c)(2) provides that a court may conduct an interim "hearing before such 15 day period expires." Fed. R. Bankr. P. 4001(c)(2). Pursuant to Bankruptcy Rule 9006(c)(1), the Bankruptcy Court is authorized, upon a showing of cause, to reduce the notice periods set forth in Rule 2002. In this case, adequate grounds exist to shorten the notice period and to schedule an interim hearing.

8.    In the event that a hearing on the Motion cannot proceed on shortened notice, a risk exists that the Debtor will lose its asset at an auction sale. The financing will enable the Debtor to pay all creditors in full and the Debtor will have an additional one year period to either market the property for sale, without the pressures of an auction deadline that surpasses the value of the property, or to find a development partner.

9.    Accordingly, the Debtor respectfully requests that a hearing for approval of the Financing Motion be held as soon as possible so that the Court can promptly consider the Debtor's request for financing.

10.    Local Bankruptcy Rule 9077-1 provides that the Court may enter an order to show cause when reasons for proceeding other than by notice of motion are present. S.D.N.Y. LBR 9077-1; see also Fed. R. Bankr. P. 9007 (court may regulate the time in which and the entities to who notice shall be given).

## STATEMENT REGARDING PREVIOUS RELIEF REQUESTED

11.    No prior application for the relief requested herein has been made to this Court or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order

substantially in the form of the annexed order scheduling a hearing on the Financing Motion and

such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        June 10, 2015

                            Respectfully submitted,

                            MORRISON TENENBAUM PLLC

                            By: /s/ Lawrence Morrison
                                Lawrence Morrison
                                87 Walker Street, Floor 2
                                New York, New York 10013
                                (212) 620-0938

                            *Counsel for the Debtor*

**Hearing Date: TBD**
**Hearing Time: TBD**

MORRISON TENENBAUM PLLC
*Attorneys for the Debtors*
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938
Lawrence Morrison, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                            Chapter 11

ROBERT LITWIN,                                                        Case No. 14-12933 (REG)

                            Debtor.
-----------------------------------------------------------X

## DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING AND GRANTING SENIOR SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. § 364(c)

**TO:    HONORABLE ROBERT E. GERBER**
**UNITED STATES BANKRUPTCY JUDGE**

Robert Litwin (the "Debtor" or the "Borrower"), the debtor and debtor-in-possession in the above-captioned case (the "Case"), hereby submit this motion (the "DIP Motion"), pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(d), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (the "DIP Financing Order"), *inter alia*,

> (i) authorizing the Debtor to obtain senior secured post-petition financing, with a mortgage against the 112th Street Property and the 123rd Street Property (as defined below) and on an administrative expense basis (the "DIP Facility") pursuant to the terms and conditions set forth in the commitment letter dated June 3, 2015 (as memorialized into a final loan agreement,

1

amended, supplemented, restated, or otherwise modified from time to time, the "DIP Agreement") by and between the Borrower and Brick Capital Partners LLC ("DIP Lender"), substantially in the form attached hereto as **Exhibit A**;

(ii) authorizing the Debtor to execute and deliver the DIP Agreement and the other related loan documents (the "DIP Documents") by and between the Borrower and the DIP Lender, and to perform such other acts as may be necessary or desirable in connection with the DIP Documents;

(iii) granting the DIP Facility and all obligations owing thereunder and under the DIP Documents to the DIP Lender (collectively, and including all "Obligations" as described in the DIP Agreement, the "DIP Obligations") allowed administrative expense claim status in the Case and any Successor Cases (as defined herein);

(iv) authorizing and directing the Debtor to pay the principal, interest, fees, expenses, and other amounts payable under the DIP Documents as such become due, including, without limitation, closing fees and the reasonable fees and disbursements of the attorneys, advisors, accountants, and other consultants of the DIP Lender, all to the extent provided in and in accordance with the terms of the DIP Documents;

(v) authorizing the use of the DIP Facility to pay the secured claim of AHM Advisors LLC and pay all of the Debtor's undisputed claims in full under the Plan (as defined below), and reserving a portion of the DIP Facility for the disputed claims, and

(vi) vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the DIP Documents and the DIP Financing Order, as limited pursuant hereto.

In support of the DIP Motion, the Debtor respectfully state as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 361, 362, 363 and 364, and Federal Rule of Bankruptcy Procedure 4001.

## BACKGROUND

4.      On October 21, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Manhattan Division..

5.      The Debtor is continuing in possession of its property as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

6.      No trustee, examiner, or official committee of unsecured creditors has been heretofore appointed in this Case.

7.      The Debtor owns the following there parcels of real estate:

(a) A vacant parcel located at 127/129 West 112 Street, New York, NY (the "112th Street Property") which Debtor estimates has a value of not less than $2.1 million.

(b) A parcel with a partially constructed building located at 343 West 123 Street, New York, NY (the "123rd Street Property" together with the 112th Street Property, the "Properties") which the Debtor estimates has value of not less than $1.2 million.

(c) A small parcel in Long Island City, New York (Block 426 Lot 191) which the Debtor estimates has value of $1,000.

## SUMMARY OF THE DEBTORS' PREPETITION INDEBTEDNESS[1]

8.    AHM Advisors LLC ("AHM") holds a secured first mortgage claim against the

Properties in the amount of $1,222,336.99 as of October 21, 2014, based on a mortgage

foreclosure judgment entered by the Supreme Court, New York County on December 12, 2013,

plus additional accrued interest and expenses.

## THE DEBTOR'S NEED FOR POSTPETITION FINANCING

9.    On May 21, 2015, AHM, as plan proponent, filed an Amended Joint Plan of

Reorganization (the "Plan", Docket No. 56) and Amended Disclosure Statement (the

"Disclosure Statement", Docket No. 55). On May 28, 2015, the Court entered an order

approving the Disclosure Statement, setting bidding and auction procedures, and

scheduling a hearing on confirmation of the Plan for July 1, 2015.  In furtherance of the

Plan, an auction sale of the 112th Street Property is scheduled for June 25, 2015.

10.    The Debtor has focused his efforts since the Petition Date on obtaining

replacement financing for the Properties and searching for a joint venture partner to complete

development of the Properties. Shortly after filing this Motion, the Debtor intends to file a plan that will

pay all creditors in full from proceeds of the DIP Facility.

11.    After arm's length negotiations through their respective counsel, the Debtor and

the DIP Lender entered into a letter of intent ("DIP Agreement" or Letter of intent")annexed

hereto as **Exhibit A**, which provides a total DIP Facility in the amount of $3 million.

12.    The Debtor requires the DIP Facility to pay AHM and the Debtor's creditors,

under a plan, and avoid the need to sell the Properties.

---

[1] Other than to the extent set forth herein, the Debtor makes no representations or admissions as to the extent and
validity of the liens asserted against it by various creditors described herein or those that later assert secured liens
against the Debtor. The Debtor hereby reserves all rights to challenge said liens and preserve all defenses, set off
rights and counterclaims they may have against the creditors

13.    The proceeds of the DIP Facility (net after closing costs set forth in the DIP

Agreement) will be used to fund the following distributions under the Debtor's plan:[2]

- Satisfy the balance of AHM's secured claims in the approximate amount of $1,222,336.99 plus post-petition interest, fees, and expenses;
- Payment in full to all creditors including approximately $200,000 to New York City for real estate taxes, water, sewer, and other amounts due, $6,677.66 to Columbus Corners Realty, $66,368 to unsecured creditors;
- Funding a disputed claim reserve of $416,544 pending resolution of the disputed claim of 129 West 12th Street LLC;
- Funding a disputed claim reserve of $250,000 pending resolution of the disputed claim of 129 West 12th Street LLC;
- Chapter 11 professional fees in the approximate amount of $200,000; and
- Such other claims or costs of administration as may be allowed in the Chapter 11 cases.

14.    Absent approval of the DIP Facility, the Debtor's Property will likely be sold via a

"forced sale" auction process under the Plan and Sale Motion. The Debtor's ability to preserve

the going concern value of its estate for the benefit of its creditors and the Debtor depends upon

relief requested in this DIP Motion.

### SUMMARY OF THE DEBTOR'S PROPOSED DIP FINANCING

15.    The Debtor has determined, in the exercise of his sound business judgment, to

obtain replacement financing in the form of the DIP Facility in substantially the form described

herein. Accordingly, subject to the Court's approval, the Debtor has determined to enter in the

DIP Agreement with the DIP Lender.

16.    The terms of the DIP Facility are more specifically set forth in the DIP Agreement

attached hereto as **Exhibit "A."**  The key provisions of the DIP Agreement are as follows:

Lender: Brick Capital Partners LLC Borrowers: Robert Litwin

Loan Amount: $3,000,000.00

---

[2] The sum total of the anticipated distributions (including escrow for disputed claims) is $2,361,926.65.

<u>Security</u>: A first mortgage or mortgages and security agreement which shall encumber and be cross collateralized against the Property (the "<u>DIP Collateral</u>") in the 112th Street Property and the 123rd Street Property

<u>Loan Term</u>. 2 years

<u>Rate of Interest</u>: 12%

<u>Amortization</u>: The loan will require interest only payments.  At closing, lender will escrow one year of interest only payments from the loan proceeds.

<u>Prepayment</u>: Months 1-6 lock out, then non prepayment penalty thereafter.

<u>Origination Fee</u>: 2% of the loan amount.

<u>Terms</u>: Closing to be scheduled within 30 days of court approval.

<u>Expense Reimbursement:</u>  Lender to be allowed an administrative claim in the sum of $7,5000 to cover expenses.

## <u>REQUEST FOR APPROVAL OF THE DIP LOAN FACILITY</u>

17.    Section 364 of the Bankruptcy Code[3] distinguishes among (a) obtaining unsecured credit in the ordinary course of business, (b) obtaining unsecured credit out of the ordinary course of business, and (c) obtaining credit with specialized priority or with security. If a debtor-in-possession cannot obtain post-petition credit on an unsecured basis, pursuant to Section 364(c) of the Bankruptcy Code, a court may authorize a debtor-in-possession to obtain credit or incur debt, repayment of which is entitled to superpriority administrative expense status or is secured by a senior lien on unencumbered property or a junior lien on encumbered property, or combination of the foregoing.

---

[3] Section 364(c) of the Bankruptcy Code provides as follows:
  If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—
    (1)  with priority over any or all administrative expenses of the kind specified in section 503 (b) or 507 (b) of this title;
    (2)  secured by a lien on property of the estate that is not otherwise subject to a lien; or
    (3)  secured by a junior lien on property of the estate that is subject to a lien.
11 U.S.C. § 364(c).

18.    As a condition to entering into the DIP Agreement and obtaining the Debtor's needed liquidity, the Debtor must obtain authorization, pursuant to sections 364(c) of the Bankruptcy Code to grant the DIP Lender automatically perfected security interests in and liens upon all of the DIP Collateral, including, without limitation, all property constituting Cash Collateral.

## A.    <u>Approval Under Section 364(c) of the Bankruptcy Code</u>

19.    The statutory requirement for obtaining post-petition credit under section 364(c) of the Bankruptcy Code is a finding, made after notice and hearing, that the debtor-in-possession is "unable to obtain unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense." *See In re Garland Corp.,* 6 B.R. 456, 461 (B.A.P. 1st Cir. 1980) (secured credit under section 364(c)(2) is authorized, after notice and hearing, upon showing that unsecured credit cannot be obtained); *In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) (noting that "although a debtor is not required to seek credit from every possible source, a debtor must show that it has made a reasonable effort to seek other sources of credit available under section 364(a) & (b)"); *In re Crouse Group, Inc.,* 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987) (debtor seeking secured credit under section 364(c) of the Bankruptcy Code must prove that it was unable to obtain unsecured credit pursuant to section 364(b) of the Bankruptcy Code).

## B.    The Debtor was Unable to Obtain Necessary Postpetition Financing on an <u>Unsecured Basis Under Section 364(a) or (b) of the Bankruptcy Code</u>

20.    The Debtor has not been able have obtain a working capital/loan facility of the type and magnitude required in this Case on an unsecured or even junior secured basis.

21.    To show that the credit required is not obtainable on an unsecured basis, a debtor need only demonstrate "by good faith effort that credit was not available without" the protections

7

of section 364(c) of the Bankruptcy Code. *Bray v. Shenandoah Fed. Sav. & Loan Ass'n (In re Snowshoe Co.),* 789 F.2d 1085, 1088 (4th Cir. 1986). Thus, "[t]he statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable." *Id.* at 1088; *see also Ames,* 115 B.R. at 40 (holding that debtor made a reasonable effort to secure financing where it approached four lending institutions, was rejected by two, and selected the least onerous financing option from the remaining two lenders). Moreover, where few lenders are likely to be able and willing to extend the necessary credit to the debtor, "it would be unrealistic and unnecessary to require [the debtor] to conduct an exhaustive search for financing." *In re Sky Valley, Inc.,* 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988), *aff'd sub nom, Anchor Savings Bank FSB v. Sky Valley, Inc.,* 99 B.R. 117, 120 n.4 (N.D. Ga. 1989).

22.     The Debtor submits that, the DIP Facility presents the most financially favorable terms for the Debtor and that there are no better financing alternatives available under the circumstances. As this Court is undoubtedly aware, in the current economic environment, the financing options for a wide variety of companies, particularly those involved in sub-prime financing, are extremely limited.

## C. The Terms of the DIP Facility are Fair, Reasonable and Appropriate And Application of the Business Fair Judgment Standard

23.     As stated above, the DIP Facility is essential so that the Debtor can fund his proposed Chapter 11 plan, without the need to sell the Property. Absent the DIP Facility, the Debtor will be required to sell the Property at auction on June 25, 2015.

24.     In the Debtor's considered business judgment, the DIP Facility is the best financing option available in the circumstances of this case. The purpose of the facility is to enable the Debtor to fund the Plan, without a forced "fire sale" of its Property.

25.     After appropriate and extensive investigations and analysis, and robust, good faith, and arm's length negotiations among the Debtor and the DIP Lender, the Debtor has concluded that the DIP Facility is the best alternative available in the circumstances of this case. Bankruptcy courts routinely defer to a debtor's business judgment on most business decisions, including the decision to borrow money, unless such decision is arbitrary and capricious.

26.     The Debtor has exercised sound business judgment in determining that a post-petition credit facility is appropriate and has satisfied the legal prerequisites to incur debt under the DIP Facility. The terms of the DIP Agreement are fair and reasonable and are in the best interests of the Debtor's estate. Accordingly, the Debtor should be granted authority to enter into the DIP Agreement and obtain funds from the DIP Lender on the senior secured basis described above, pursuant to sections 364(c) of the Bankruptcy Code.

### GOOD FAITH

27.     The Debtor submits that the terms and conditions of the DIP Facility and the DIP Agreements, and the fees paid and to be paid thereunder, are fair, reasonable, and the best available to the Debtor under the circumstances. As stated above, the Debtor and the DIP Lender negotiated the terms and conditions of the DIP Agreement in good faith and at arm's length. Moreover, the Debtor's decision to enter into the DIP Agreement was an exercise of the Debtor's prudent business judgment. Therefore, the DIP Lender should be accorded the benefits of section 364(e) of the Bankruptcy Code to the extent any or all of the provisions of the DIP Agreement, or any interim or final order of this Court pertaining thereto, are hereafter modified, vacated, stayed or terminated by subsequent order of this or any other court.

### REQUEST FOR MODIFICATION OF THE AUTOMATIC STAY

28.     The DIP Financing Order contemplates a modification of the automatic stay established pursuant to section 362 of the Bankruptcy Code, to the extent necessary, to effectuate

all of the terms and provisions of the DIP Facility, including, without limitation, to (a) permit the Debtor to grant the DIP Liens; (b) permit the Debtor to perform such acts as the DIP Lender may request in its sole discretion to assure the perfection and priority of the liens granted herein; (c) permit the Debtor to incur all liabilities and obligations to the DIP Lender under the DIP Documents, and the DIP Facility; and (d) authorize the Debtor to pay and the DIP Lender to retain and apply payments made in accordance with the terms of the DIP Financing Order.

29.    Stay modification provisions of this type are customary features of post-petition debtor-in-possession financing facilities and, in the Debtor's business judgment, are reasonable under the circumstances. Accordingly, the Court should modify the automatic stay to the extent contemplated by the DIP Financing Order.

30.    In order to successfully implement the foregoing, the Debtor respectfully requests that the Court waive the notice requirements provided for by Bankruptcy Rule 6004(a), the twenty-day stay provided for by Bankruptcy Rule 6003(b), and the ten-day stay provided for by Bankruptcy Rule 6004(h). The Debtor believes, for the reasons set forth above, that ample justification exists for the Court to waive Bankruptcy Rule 6003(b), 6004(a), and 6004(h).

## REQUEST FOR WAIVER OF STAY

31.    The Debtor further seeks a waiver of the stay of the effectiveness of the DIP Financing Order that may be imposed by any applicable Bankruptcy Rule. As set forth above, the use of the DIP Facility will be used to fund a full repayment to the Debtor's creditors, which must occur prior to the June 25, 2015 sale deadline to avoid an auction sale of the Property. Accordingly, the Debtors submit that sufficient cause exists to justify a waiver of any stay imposed by the Bankruptcy Rules, to the extent applicable.

## NOTICE

32.     Notice of this Motion will be provided to (i) Office of the United States Trustee;
(ii) counsel to the Debtor's secured lenders; (iii) Debtor's 20 largest unsecured creditors; and (iv)
parties who have filed notices of appearance.  The Debtor submits that said notice is adequate
and proper.

## NO PREVIOUS RELIEF REQUESTED

33.     The Debtor has not previously sought the relief requested herein from this Court
or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court (i) Grant the Motion, (ii)
enter the DIP Financing Order, substantially in the form attached hereto, granting the relief
requested; and (iii) grant such other and further relief as is just and proper.

Dated:  New York, New York
         June 10, 2015

                              Respectfully submitted,

                              MORRISON TENENBAUM PLLC


                              By: */s/ Lawrence Morrison*
                                  Lawrence Morrison
                                  87 Walker Street, Floor 2
                                  New York, New York 10013
                                  (212) 620-0938

                              *Counsel for the Debtor*

## <u>VERIFICATION</u>

The undersigned having reviewed the attached Application in support of an Order, for authorization pursuant to section 364 of the Bankruptcy Code and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to obtain post-petition financing from Brick Capital Partners and being familiar with the facts contained therein, verifies under the penalties of perjury, that the information contained therein is complete, accurate and truthful to the best of my knowledge.

_____
Robert Litwin

Sworn to before me this 10th Day
of June 2015

_____
Lawrence Morrison
Notary Public
State of New York
#02m06059654
Expires 07/28/2015

EXHIBIT A

**Brick Capital Partners LLC**
381 Park Avenue South – Suite 1001
New York, New York 10016
Phone (646) 453-5858
Fax (646) 213-3115

June 3, 2015

The undersigned applicant hereby applies to Brick Capital Partners LLC, and/or his designee or nominee, for a First Mortgage on the Properties listed below.

| | |
|---|---|
| **Borrower:** | Robert Litwin |
| **Lender:** | Brick Capital Partners LLC and/or its designee or nominee ("Lender") |
| **Properties:** | 129 West 112th Street, New York, New York<br>342 West 123rd Street, New York, New York |
| **Loan Amount:** | $3,000,000.00 – Blanket First Mortgage |
| **Security:** | A first mortgage and security interest on the subject properties, an assignment of and security interest in, all current and future leases, rents and other income related to the property. |
| **Loan Term:** | 2 Year. |
| **Interest Rate:** | 12.0% |
| **Escrows:** | Lender shall escrow at closing Real Estate Taxes for a period of 1 year. Thereafter, Borrower shall remit monthly real estate tax escrow payments along with the monthly payment of interest. |
| **Amortization:** | Interest Only. |
| **Origination Fee:** | Borrower shall pay a fee of Two Percent (2.0%) of the Loan Amount to Brick Capital Group LLC. |
| **Expense Deposits:** | Borrower's acceptance of this Letter of Intent shall constitute its unconditional agreement to pay all reasonable out of pocket fees, costs, charges and expenses with respect to the Loan, including, without limitation, the fees and expenses of Lender's counsel, all recording and filing fees and related due diligence. Upon the execution and return of this Letter, the Borrower shall move the Bankruptcy Court as part of its debtor in possession financing motion for the allowance of an administrative claim in the sum of $7500.00 to cover these expenses. The Borrower understands that the approval of the administrative fee is a condition precedent to the loan agreement contemplated herein. |
| **Lender's Legal Fee:** | Lender's legal fee to close the loan shall be paid by the Borrower. |
| **Due Diligence:** | Legal due diligence will be conducted on an expedited basis. |

1

| | |
|---|---|
| **Closing:** | The closing of this loan shall take place after the attorney for the Lender has received and approved a clear title report If the loan does not close within 30 days of the date hereof, then this Letter of Interest shall be null and void and the Lender shall retain the Good Faith Deposit. |
| **Pre-Payment Schedule:** | Months 1-6- Lock Out, Then no Prepayment Penalty thereafter |
| **Break Up Fee:** | Should the Borrower opt not to proceed and is provided financing from another Lender, then the Lender shall be entitled to a "break up" fee of 1% of the loan amount. |
| **Interest Reserve:** | Borrower shall fund, from the loan proceeds, an interest reserve of 12 Months interest at the closing of the loan. |
| **Insurance:** | The Borrower shall maintain at all times, at the Borrower's sole cost and expense, Policies of liability and property (including business income coverage) insurance, and other insurance coverage required by the Lender according to the loan documents. All insurance policies shall be issued by insurance companies satisfactory to the Lender having an A.M. Best Key Rating of at least A. Borrower shall deliver certificates naming lender as insured prior to closing, paid full for one year going forward. |
| **Title Insurance:** | Title shall be ordered by the Lender's Attorney and Borrower shall purchase, at its cost, a Lender's title insurance policy in the Loan Amount, containing such endorsements as the Lender may require. The Lender reserves the right to approve the choice of the Title Company. |

**Special Conditions:**   Any sums left in the debtor's estate after the payment of all claims, shall be utilized to pay down the outstanding balance of the loan.  Notwithstanding, at the closing, the debtor may utilize up to $100,000.00 for the payment of the debtor's personal debts that are unrelated to the Properties.

**Closing Conditions:**  The closing of the loan shall be conditioned upon, but not limited to, the Lender's receipt and satisfactory review of the property's zoning/building code compliance, evidence of property and liability insurance policies, survey, Clean Phase 1 Report, Borrower's personal financial statements and Credit Report title insurance policies and transaction documentation satisfactory to the Lender in its sole and absolute discretion.

The Borrower acknowledges that the information and documentation requested in this Letter of Intent is not inclusive, and that the Lender reserves the right, in the opinion of its attorney, to request and receive additional information and documentation from the Borrower prior to closing.

This Letter of Interest shall expire within 5 days of the date hereof if it is not executed by the Borrower and returned to the Lender.

Lender

By: _____

Eric C. Roth, Manager

Borrower: _____

Robert Litwin

2

**PROPOSED INTERIM DIP FINANCING ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

ROBERT LITWIN,

                                        Debtor.
------------------------------------------------------------X

Chapter 11

Case No. 14-12933 (REG)

### INTERIM ORDER GRANTING MOTION OF THE DEBTOR TO OBTAIN
### POST PETITION FINANCING SCHEDULING A FINAL HEARING

   **UPON** the annexed motion (the "Motion") of Robert Litwin (the "Debtor"), the

debtor and debtor in possession, for entry of an order to show cause limiting notice, shortening

the time period for notice and scheduling a hearing pursuant to Bankruptcy Rules 4001(c)(2),

9006(c)(1) and 9007 and S.D.N.Y. Local Bankruptcy Rule 9077-1 on the motion of the Debtors

for authorization pursuant to section 364 of the Bankruptcy Code and Rule 4001(c) of the

Federal Rules of Bankruptcy Procedure, authorizing the Debtor to obtain post-petition financing

from Brick Capital Partners, LLC (the "Motion") on shortened notice, pursuant to §§ 364(c)(2)

of Title 11 of the United States Code (the "Bankruptcy Code"), and the Affirmation of Lawrence

Morrison, Esq., pursuant to Local Bankruptcy Rule 9077-1(a), and upon a hearing held before

this Court on June __, 2015 at __:__; and no objections having been filed or made at the inteirm

hearing; and due deliberation having been had thereon; and the Court having determined that due

notice having been given; and good and sufficient cause appearing to grant the relief requested in

the Application; it is hereby

   **ORDERED**, that the Application is granted on an interim basis to the extent requested

herein; and it is further

   **ORDERED**, that a Final Hearing (the "Hearing") on the Motion will take place on

_____, 2015 at _____ _.m., at the United States Bankruptcy Court, Southern

District of New York, located at One Bowling Green, New York, New York and any objections or responses to the motion shall be filed and served so as to be received no later than June ___, 2015 by Morrison Tenenbaum PLLC, attorneys for the debtors, 87 Walker Street, Floor 2, New York, New York 10013, Attn: Lawrence Morrison, Esq.; and it is further

ORDERED, that the Debtor is hereby authorized on an interim basis to (a) enter into the finance agreement attached to the Motion as Exhibit "A" (the "Agreement"), which is made a part hereof by reference; (b) grant Brick Capital Partners LLC ("Brick"), or its successor or assigns a first priority mortgage lien on and security interest the Debtor's real property located at 343 West 123 Street, New York, NY and 127/129 West 112 Street, New York, NY, and without the need to take any further action to perfect such security interests and liens, and notwithstanding the foregoing the Debtor shall execute and deliver to Bank such other and further documents as it may reasonably request; and it is further

ORDERED, that the Debtor is authorized and directed to use the loan proceeds to pay in full the secured claim of AHM Advisors LLC, and all additional loan proceeds shall be held, on an interim basis, in an attorney escrow account by Lawrence Morrison, Esq.; and it is further

ORDERED, that in addition to being secured as provided above, and in the event Brick files an unsecured claim in the Debtor's bankruptcy case for any portion of Debtor's obligations under the Interim Financing Agreement, said claim shall have, pursuant to Bankruptcy Code § 364(c)(1), the priority of an expense of administration in the Debtor's bankruptcy case under §§ 503(b) and 507(a)(2) of the Bankruptcy Code; and it is further

ORDERED, that the rights of Brick or its successor or assigns under the Agreement are fully preserved and protected and shall remain unimpaired by this Bankruptcy proceeding, and shall remain in full force and effect, notwithstanding the subsequent conversion of this

2

proceeding to one under Chapter 7 or any other provision of the United States Bankruptcy Code; and it is further

**ORDERED**, that the Court retains jurisdiction to construe and enforce this Order; and it is further

**ORDERED**, that a copy of this Order together with the Motion, thereto shall be served (1) on the U.S. Trustee, (2) counsel to the Debtor's secured lenders, (3) Brick Capital Partners LLC, (4) all parties having filed a notice of appearance and (5) all creditors by first class mail on or before June ___, 2015, which shall be deemed good and sufficient service thereof.

Dated: New York, New York
        June _____, 2015

_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE

3